IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:18-CV-193-FL

| | |
|---|---|
| TWANA N. COLEMAN, JO H. FERGUSON, and CARLY SINGLETON MDUMA, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNIVERSITY OF MOUNT OLIVE, CHRISTY B. COX, CORDELIA WILCOX, LISA NEUSELL, and TERRI GRICE, | ) ) ) ) ) |
| Defendants. | ) |

ORDER

This matter is before the court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 22). Plaintiffs have not responded to the motion, and the time for response has passed. In this posture, the issues raised are ripe for ruling. For the following reasons, defendants' motion is granted.

**STATEMENT OF THE CASE**

Plaintiffs, who are former employees of defendant University of Mount Olive ("UMO"),[1] commenced this action pro se on November 27, 2018, asserting employment discrimination claims against their former employer and supervisors, premised upon wrongful termination, failure to promote, and hostile work environment, due to race, gender, and retaliation. Plaintiffs seek trial

---

[1] Defendants represent in motion to dismiss that UMO's correct legal name is the "University of Mount Olive, Inc."

by jury and any other relief as may be appropriate, including injunctive orders and damages. Plaintiffs attach to their complaint dismissals and notices of rights to sue from the Equal Employment Opportunity Commission ("EEOC").

Defendants filed the instant motion to dismiss on January 23, 2019, seeking dismissal of all claims with prejudice. The court sent plaintiffs a notice on January 24, 2019, regarding requirements to respond to the motion. Plaintiffs did not respond in opposition to the motion.

**STATEMENT OF THE FACTS**

The facts alleged in the complaint may be summarized as follows. Plaintiff Twana Coleman ("Coleman") was employed by UMO from November 2010, until she left voluntarily in May 2018. Plaintiff Carly T. Singleton Mduma ("Singleton Mduma") was employed by UMO from June 2014, until she left voluntarily in May 2018. Plaintif Jo H. Ferguson ("Ferguson") was employed by UMO from August 2014, until she was discharged in April 2018.

Defendant Christy B. Cox ("Cox") is a "Caucasian, Female, Director of UMO at New Bern." (Compl. p. 3). Defendant Lisa Neusell ("Neusell") is a "Caucasian, Female, Dean of Extended Education" at UMO. (Id.). Defendant Cordelia Wilcox ("Wilcox") is an "African American, Female, Director of Human Resources" at UMO. (Id.). Defendant Terri Grice ("Grice") is a "Caucasian, Female, Assistant Registrar - Traditional" at UMO. (Id.).

Plaintiffs assert in the complaint that defendants discriminated against them on the basis of race, sex, hostile work environment, and retaliation, during a time period from April 2017 to May 2018. Plaintiffs allege that the manner in which defendants discriminated against them was as follows:

1) "Interactions with people of the opposite race or ethnically diverse was hostile in comparison

to those of the same race." (Id. at 4).

2) "Male coworkers were given special treatment and not reprimanded in the same manner as female staff." (Id.).

3) "Complaints to HR resulted in unwarranted, multiple write-ups." (Id.).

4) "Despite reports of hostile working conditions HR failed to sufficiently eradicate the issues or protect whistleblowers." (Id.).

5) "Despite experience & employer accolades promotions were denied due to race, gender, and retaliation, [and] wrongful termination due to retaliation and discrimination." (Id.).

**COURT'S DISCUSSION**

A. Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

1. Individual defendants

Title VII discrimination claims must be brought against the employing entity, and not

individual supervisors or managers thereof. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998). Therefore, plaintiffs' claims against individual defendants must be dismissed with prejudice.

2. Failure to plead sufficient facts

Plaintiffs factual allegations are insufficient to support the claims asserted against remaining defendant UMO. For example, plaintiffs purport to bring a claim that they were terminated or not promoted because of their race or sex. To do so, however, plaintiffs are "required to allege facts to satisfy the elements of a cause of action created by [Title VII] i.e., in this case, that the [defendant] 'failed or refused to hire' [them] 'because of [their] race . . . or sex,'" or discharged them "because of [their] race . . . or sex." McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (quoting 42 U.S.C. § 2000e–2(a)(1)) (first emphasis added; second emphasis in original). Likewise, to state a retaliation claim, plaintiffs must allege facts permitting an inference that they suffered materially adverse employment action because of a protected activity. Strothers v. City of Laurel, Maryland, 895 F.3d 317, 327 (4th Cir. 2018).

Assertions, as here, of "a 'formulaic recitation' of the necessary elements – . . . 'no more than conclusions' . . . do not suffice." McCleary-Evans, 780 F.3d at 585. Plaintiff's assertions that "promotions were denied due to race, gender, and retaliation" or "termination [was] due to retaliation and discrimination," fail to meet the basic pleading standard. (Compl. p. 4). Allegations that adverse actions took place "despite experience" and "employer accolades" are insufficient to permit an inference of discrimination or retaliation; the complaint is wholly lacking in factual content regarding the circumstances of the alleged discharge or failure to promote and as such is insufficient to support at Title VII claim thereon. See McCleary-Evans, 780 F.3d at 586 ("While the

4

allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is consistent with discrimination, it does not alone support a reasonable inference that the decisionmakers were motivated by bias[;] [plaintiff] can only speculate that the persons hired were not better qualified, or did not perform better during their interviews, or were not better suited based on experience and personality for the positions.").

Plaintiffs claims of hostile work environment likewise are insufficiently supported by factual allegations. To state a claim for a hostile work environment, a plaintiff must allege "(1) unwelcome conduct; (2) that is based on the plaintiff's race [or sex]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 271 (4th Cir. 2015) (en banc) (quotations omitted). In determining whether hostility asserted is sufficiently severe or pervasive, the court must look at "all the circumstances, which may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. (citations omitted).

Here, plaintiffs do not allege sufficient facts to permit an inference either of 1) unwelcome conduct based upon race or sex, or 2) sufficiently severe or pervasive conduct to meet the basic pleading standards of the claim. Plaintiffs' allegation that "[i]nteractions" were "hostile in comparison to those of the same race," (Compl. p. 4), are devoid of factual content sufficient to permit an inference of any level of hostility or basis in race. See Twombly, 550 U.S. at 555. Likewise, allegations that "male coworkers were given special treatment and not reprimanded in the same manner as female staff" lack factual details necessary to permit an inference of unwelcome

5

conduct or severe or pervasive hostility. See id.

In sum, the instant complaint fails to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Where the instant complaint lacks such support it must be dismissed for failure to state a claim upon which relief can be granted.

Defendants suggest that all of plaintiffs claims should be dismissed with prejudice. However, "unless the grounds for dismissal clearly indicate that no amendment in the complaint could cure the defects in the plaintiff's case," then dismissal without prejudice is required with opportunity for plaintiff to seek leave to amend. See Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 623 (4th Cir. 2015); see, e.g., Hancock v. Americo Fin. Life & Annuity Ins. Co., 723 F. App'x 241, 242 (4th Cir. 2018) (dismissing appeal and remanding case for amendment of complaint).

Here, while plaintiffs' claims against individual defendants must be dismissed with prejudice, plaintiffs' claims against defendant UMO are deficient because plaintiffs fail to plead sufficient facts supporting the claims. As such, dismissal of those claims against UMO must be without prejudice, and plaintiffs must be given an opportunity to amend the complaint or to "stand on the complaint" as the circumstances may dictate. Goode, 807 F.3d at 629. Accordingly, in the event plaintiffs seek to pursue their claims against UMO in this court, plaintiffs must, within **21 days** of the date of this order, file a motion for leave to amend the complaint, accompanied by a proposed amended complaint. In the event plaintiffs do not seek leave to amend in this manner in the time period specified, the clerk without further order of this court shall enter judgment closing the case

6

based upon this order.

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motion to dismiss (DE 22). Plaintiffs' claims against defendants Cox, Wilcox, Neusell, and Grice are DISMISSED WITH PREJUDICE. Plaintiffs' claims against defendant UMO are DISMISSED WITHOUT PREJUDICE. Plaintiffs are allowed **21 days** from the date of this order to file a motion for leave to amend complaint, in accordance with the requirements set forth herein. In the event plaintiffs do not seek leave to amend in this manner in the time period specified, the clerk without further order of this court shall enter judgment closing the case based upon this order.

SO ORDERED, this the 10th day of April, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge